May 03, 2026

MAY 29 2026 PM2:55
FILED-USDC-CT-HARTFORD

STATE OF CONNECTICUT

US District Court,
450 Main Street.
Hartford, CT 06103

Plaintiff: KAI KUNZ
151 Mashamoquet Road
Pomfret Center, CT 06259

**Versus Defendants**

Onit.y Mortgage
1661 Washington RD
West Palm Beach
Florida. 33409

New Rez Mortgage
1100 Virginia DR
STE 125
Fort Washington, PA
19034

Bungalow Funding, LLC
5720 Premier Park Drive
West Palm Beach, Florida
33407

McCalla, Raymer, Liebert, Pierce, LLP
280 Trumbull Street
23rd Floor
Hartford, CT 06103

**Demand 1.32 trillion Dollars $1,320,000,000,000.00**

**Background**

1. On numerous occasions, Plaintiff made complaints to the consumer finance protection bureau about Onit.y and Shellpoint making reporting errors in payment histories that damaged

1

credit.

2. Both Onit.y and Shellpoint have a long history of compliance problems and have been massively fined for falsely reporting customer payment histories and have been fined substantially.

3. All people with an education in finance and an IQ above 80 know that financial institutions are fined (in the few instances they are held accountable) for a tiny fraction of the actual amount of fraud and lack of compliance and regulatory guidelines that they neglect to follow.

4. It was shown repeatedly without any dispute that Shellpoint and Onit.y regularly falsely reported lates on credit for dates prior to customer getting loan modifications completed.

5. Under federal guidelines, once a loan modification is done, all previously reported late payments on the previous mortgage that is now modified are to become current, and the lenders are to report this to the credit bureaus.

6. This was never done after repeated requests, credit disputes to lenders, and also required responses from the companies.

7. The companies Onit.y, Shellpoint, and or parent company Bungalow Funding LLC repeatedly refused to damage this.

8. Shellpoint Mortgage, Onit.y, and Bungalow Funding LLC agreed in compensation to discharge and remove all late payments from credit and to lower mortgages to 1% of original balances and then discharge mortgages in full as compensation to the borrower.

9. Companies have refused to honor agreements.

10. Recently, Onit.y mortgage made many false statements during recorded calls with Plaintiff and a government mediator, and also through email correspondence with the borrower, namely claiming that a bankruptcy petition sent to the lender by the borrower couldn't be considered because the petition failed to state whether the filing was a chapter 13 or a chapter 7. Shellpoint Mortgage did the same thing. Onit.y and Shellpoint also lied and said that a borrower's bankruptcy petition could only be considered if it was done and initiated by an attorney, or that the borrower couldn't do Pro se.

11. Shellpoint and Onit.y ignored this, and that loans were under review for modification or other mortgage assistance options when proceeding with foreclosure filings.

12. Banking laws and Federal regulations prohibit foreclosure filings and proceedings during consideration of mortgage assistance.

13. By damaging their credit, the borrower/Plaintiff was turned down for funding for cash-out refinances and venture capital funding for building working prototypes for hydro power for all houses and cars through a conversion kit and hydro power methods utilizing physics brought down to an engineering application level that the Plaintiff and business partner have ahead of time.

14. The Plaintiff regularly and repeatedly made this damage known to Shellpoint, Onit.y, and Bungalow Funding, LLC, but all refused to fix the damage done to credit in accordance with Federal Law involving loan modifications and mortgage assistance largely passed during the COVID period.

15. Plaintiff had also approached the upper-level ownership at Onit.y, Shellpoint, and Bungalow Funding LLC to fix this and to fund the projects that their actions made impossible.

16. All defendants rebuffed the efforts of Plaintiff to fix the damage done.

17. The law offices of **McCalla, Raymer, Liebert, Pierce, LLP damaged** the title and the ability of the Plaintiff to do a cash-out refinance with the property at 151 Mashamoquet Road. Pomfret Center, CT.

18. **McCalla, Raymer, Liebert, Pierce, LLP** made claims about title going back ten years or non-existent issues that were addressed during 4 refinances with title insurance over a period

of 10 years, and these alleged title issues were prior to Plaintiff even buying the property and had nothing to do with the existing mortgage.

19. The Plaintiff reached out to a law firm when he was approved for a cash-out refinance that would have paid off Onit.y mortgage for the amount requested by Onit.y (formerly PHH Mortgage), but the lender required a letter from an attorney stating that they would release the Lis Pendens when the lender was paid in full.

20. Law Firm and Onit.y refused to cooperate and ruined a cashout refinance during this critical time.

21. Law firm **McCalla, Raymer, Liebert, Pierce, LLP knowingly** and with malice initiated and filed foreclosure proceedings during time when they knew that Plaintiff was under review for mortgage assistance which largely ruined the cashout refinance opportunity that was then completely ruined when law firm absolutely refused to communicate about clearing Lis Pendens they filed and what the payoff requirements were when Plaintiff had a clear to close for a cashout refinance.

22. This situation was brought up through extensive complaints and a paper trail with the Consumer Finance Protection Bureau, Banking Commissioner, numerous recorded calls, and recorded calls with a government assistance program representative.

23. Recently, and under a recorded call with a government mediator at Green Path Financial Onit.y agreed to start loan modifications with the first trial payment starting in June 2026, and instead recently told the borrower that payments would start in May 2026.

24. Demand for Ben Trial.

**Summary**

Inevitably, the response will be

**A:** Prior interactions that had nothing to do with the specific claims in this complaint.
**B:** Motion to dismiss
**C:** Voluminous paperwork to sidestep and confuse the very specific issues raised.
**D:** Claims about lack of jurisdiction and lack of contract related to damages and their implications.

None of these responses and the usual tactics by big firms of inundating and dragging out to drain the finances of the Plaintiff, and forcing a settlement should be allowed.

The damage to credit by falsely reporting is what prevented Plaintiff from being able to refinance, get funding elsewhere, and many other options, and is not a small formality as will be manically claimed otherwise. Shellpoint and Onit.y refused to fix the mistake. The law firm refused to fix the problem they created after numerous requests during clear to close and other approvals, and this completely ruined the borrower's ability to access critical capital through a medium or asset he put tremendous amounts of time and capital into, or what was held as collateral by lending institutions. This is not a mere formality, as will be argued within the confines of loan obligations, because there are significant financial implications for defendants who repeatedly refused to correct the intentional or unintentional mistakes they made.

Kai Kunz PRO SE

Respectfully submitted,

Dated: May 02, 2026,                    Kai W Kunz Plaintiff

Pomfret Center, CT
860-200-4953
kunz650@hotmail.com

To be served on defendants

Onit.y Mortgage
1661 Worthington Road
West Palm Beach, FL
33409

New Rez Mortgage
1100 Virginia DR
STE 125
Fort Washington, PA
19034

Bungalow Funding, LLC
5720 Premier Park Drive
West Palm Beach, Florida
33407

McCalla, Raymer, Liebert, Pierce, LLP
280 Trumbull Street
23rd Floor
Hartford, CT 06103

4

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the above document to be served to all defendants on May 2, 2026

Kai Kunz